IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

HAURY LIVING TRUST, by and through
ELMER HAURY, and ARTIE HAURY,
Trustees,

                Plaintiff,

    v.

UNITED STATES OF AMERICA; JAMES
RICHARD PERRY, in his official capacity as
Secretary of the United States Department of
Energy; BONNEVILLE POWER
ADMINISTRATION,

                Defendants.

No. 3:19-cv-00853-HZ

OPINION & ORDER

Michael G. Neff
Eric J. Brickenstein
HAGLUND KELLEY LLP
200 S.W. Market Street, Suite 1777
Portland, OR 97201

    Attorneys for Plaintiffs

Billy J. Williams
Jared D. Hager
U.S. ATTORNEY'S OFFICE FOR THE
DISTRICT OF OREGON
1000 SW Third Avenue, Suite 600
Portland, OR 97204

    Attorneys for Defendants

1 – OPINION & ORDER

Plaintiff Haury Living Trust brings quiet title and related claims against the United States of America, Secretary of Energy James Perry, and the Bonneville Power Administration ("BPA"). Under Federal Rule of Civil Procedure 12(b)(1), Defendants move to dismiss two of the claims for lack of subject matter jurisdiction: (1) a negligence claim under the Federal Tort Claims Act ("FTCA"), and (2) timber trespass claims under Oregon Revised Statutes §§ 105.810(1) and (2). I grant the motion.

## BACKGROUND

Plaintiff's predecessor in interest conveyed an interest in real property to the United States Government for the operation and maintenance of power lines. The relevant terms of the easement grant Defendants "the right to clear said parcel of land and keep clear of all brush, timber, structures and fire hazards, provided however, the words 'fire hazards' shall not be interpreted to include growing crops[.]" Declaration of Jared D. Hager ("Hager Decl."), ¶2, Ex. A at 2, ECF No. 9. On June 2, 2009, the BPA cut sixty-six filbert trees on the parcel subject to the easement. Plaintiff, believing Defendants did not have the right to take this action, timely filed claims under the Quiet Title Act ("QTA"), the FTCA, and the Oregon timber trespass statutes.

## STANDARD OF REVIEW

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

A Rule 12(b)(1) motion may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. *See Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979-80 (9th Cir. 2007) (court treats motion attacking substance of complaint's jurisdictional allegations as a Rule 12(b)(1) motion); *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) ("[U]nlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency[.]") (internal quotation omitted). Additionally, the court may consider evidence outside the pleadings to resolve factual disputes. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *see also Dreier*, 106 F.3d at 847 (a challenge to the court's subject matter jurisdiction under Rule 12(b)(1) may rely on affidavits or any other evidence properly before the court).

## DISCUSSION

Plaintiff seeks: (1) a declaration under the QTA that the filbert trees are not within the scope of the easement; (2) $33,000 in economic damages under the FTCA; and (3) $99,000 in treble damages plus attorney's fees under the Oregon timber trespass statutes. Defendants move to dismiss all but the QTA claim. They argue that the QTA is a limited waiver of sovereign immunity and is the only claim in which a claimant may challenge the title of real property in which the United States has an interest. Plaintiff opposes the motion and contends that the QTA does not preempt other claims.

In a 1983 case, the Supreme Court analyzed this sovereign immunity issue and held that "Congress intended the QTA to provide the exclusive means by which adverse claimants could challenge the United States' title to real property." *Block v. North Dakota*, 461 U.S. 273, 286 (1983). The Ninth Circuit decision in *Robinson v. United States* extended *Block*, which concerned a direct title challenge, to challenges over the scope of the easement. 586 F.3d at 686.

3 – OPINION & ORDER

Under *Robinson*, challenges over the scope of an easement are properly brought under the QTA, but challenges over use are not. A "use" issue involves interference with existing easement rights and does not implicate title. *Id.* at 688. In *Robinson*, the plaintiffs alleged that an unshored slope on the defendant's property caused subsidence on a road to which the plaintiffs had a non-exclusive right-of-way. *Id*. at 685. They also alleged that a curb, fence, and fire hydrant encroached onto the road and interfered with *the plaintiffs' use*. *Id*. The court explained that there was "no dispute that the trust property was subject to a sixty-foot easement for specified purposes," and thus the dispute was one about use and did not fall within the QTA. *Id*. at 688.

To the extent that the distinction between use and scope as outlined in *Robinson* was not made clear by the *Robinson* court, later cases have clarified the issue. *Sawtooth Mountain Ranch LLC v. USFS* explained that where an adverse claimant's argument concerns the "bundle of sticks" conveyed to the United States, the claim is about the scope and therefore falls directly within the QTA. 1:19-cv-0118-CWD, 2019 WL 2477608, at *7 (D. Idaho June 13, 2019) ("Plaintiffs do not allege the Defendants' proposed use of the land interferes with the easement. Rather, Plaintiffs repeatedly assert that the type of trail, and the extent of construction… was not contemplated by the easement. Plaintiffs' argument squarely concerns the scope of the easement, or the 'bundle of sticks,' conveyed to the United States."); s*ee also Kootenai Canyon Ranch, Inc. v. USFS*, 338 F. Supp. 2d 1129, 1132 (D. Mont. 2004) (dispute over whether certain use of easement was permissive or was granted in easement was a dispute over scope and thus a claim under the QTA was the plaintiff's exclusive remedy); *Beasley v. United States*, 12-cv-3136-LRS, 2013 WL 1832653, at *3-4 (E.D. Wash. May 1, 2013) (claimant's challenge that the use of an easement by the United States interfered with his rights as reserved to him in the easement and that this use was beyond the scope of the intended use of the easement, was a dispute as to

the scope and the exclusive basis for subject matter jurisdiction was the QTA); *Grand Canyon W. Ranch, LLC v. Norton*, 03-cv-2496-PHX-EHC, 2006 WL 1127186, at *1 (D. Ariz. Apr. 26, 2006) (dispute over whether easement granted right to BLM to allow commercial traffic on road was a dispute over scope and claim under the QTA was proper). *Robinson* made clear that challenges to scope fall under *Block's* holding and can be brought only under the QTA.

Plaintiff expressly pleads a QTA claim. Compl. ¶ 15, ECF No. 1. ("By cutting Plaintiff's mature, producing filbert trees, BPA *claimed an interest in the Property* pursuant to the Easement. In fact, however, BPA had no such right.") (emphasis added). And, in the briefing, Plaintiff concedes that jurisdiction under the QTA is appropriate and further contends it is the necessary precursor to the FTCA claim. Pls. "Opp'n to Partial Mot. to Dismiss 3, 8, ECF No. 12. (plaintiff[]… acknowledge[s] that QTA jurisdiction is available"; "[P]laintiff, in part, has invoked QTA jurisdiction because a determination of who owns what rights in the property *is necessary* to determine if the defendant has committed the alleged tort.") (emphasis added). Both *Block* and *Robinson* make clear that if the dispute falls within the QTA as a scope challenge, the QTA provides the exclusive remedy. *Robinson*, 586 F.3d at 688 ("[A] suit that actually challenges the federal government's title [or scope], however denominated, falls within the scope of the QTA regardless of the remedy sought… To hold otherwise would merely allow parties to avoid the limitations of the QTA by raising contract or tort claims."). Plaintiff cannot have it both ways: the claim is either brought under the QTA alone, or, the claim is not a proper QTA claim at all. If Plaintiff, as here, wishes to challenge the scope of Defendants' title, the QTA is its *exclusive* remedy.

Plaintiff cites *Beavertail, Inc. v. United States* for the proposition that invocation of the QTA and FTCA in a singular case is proper. No. 4:12-cv-610-BLW, 2016 WL 5662013 (D.

Idaho Sept. 29, 2016). This case does not stand for the asserted proposition. Instead, *Beavertail* exemplifies the basic rule: if a party challenges the scope or existence of title to property held by the Government, the *exclusive* remedy is the QTA. That said, if a claim is independent of a title or scope dispute, a tort claim may then be an appropriate remedy. *Robinson*, 586 F.3d at 688. In *Beavertail*, the plaintiffs brought two independent claims: a quiet title claim to lakebed property subject to an easement, and a negligence claim for flood damage to upland property with clear title. Briefly, the QTA claim concerned "certain parcels of real property in Grays Lake extending from the center of the lake to the meander line, the line that separates the historical lakebed *from the uplands*." *Beavertail, Inc. v. United States*, No. 4:12-cv-610-BLW, 2017 WL 3749446, at *11 (D. Idaho Aug. 29, 2017) (emphasis added). The plaintiffs challenged the government's title to the lakebed property, *not* the upland property. They also brought a negligence claim alleging that the government's failure to maintain a dike within Grays Lake exacerbated flooding on *the plaintiffs' upland property* causing damage. While brought within the same action, the parcels subject to the QTA and FTCA claims were delineated and independent. In contrast, the alleged damage here occurred on property to which Defendants hold title. Even more, Plaintiff is challenging the extent of that title. The claimed negligence in felling the sixty-six filbert trees has no independent significance from the title claim. Thus, it is preempted by the QTA.

Plaintiff makes a host of other arguments about the applicability of *Block* and *Robinson*. This Court does not find these arguments persuasive. Plaintiff is correct that both cases are factually different from the instant case. But both cases speak to the core issue of whether the QTA, when applicable, preempts all other remedies. The answer is, yes. Plaintiff's claim challenges the scope of the easement rights held by the Government. Thus, the QTA controls and the FTCA and state claims cannot be brought.

CONCLUSION

Defendants' motion to dismiss the FTCA and state claims [8] is granted.

IT IS SO ORDERED.

Dated this  4   day of November, 2019.

_____
MARCO A. HERNÁNDEZ
United States District Judge